judgment, without remaining amenable to the courts in any ulterior proceedings arising from his original suit; but as the defendant had never become a party to the bankruptcy proceedings, the court denied its jurisdiction. There can be no doubt of the correctness of this opinion.

So in Christmas v. Russell, 14 Wall. [81 U. S.] 69, the bill was dismissed on the ground that it was an original proceeding, and therefore not cognizable in the federal court. See, also, Markson v. Heany [Case No. 9,098]. The case under consideration grows directly out of a dispute as to the ownership of a fund in the hands of the bankrupt court. The defendants, the original trustees of Mr. Bancroft, having proved their debts, remain subject to the jurisdiction of this court without regard to their place of residence. In re Kyler [Id. 7,956]; Phelps v. Sellick [Id. 11,079]; Watson v. Citizens' Sav. Bank [Id. 17,279]. I am not bound to anticipate that the subpoena may not be served upon them; indeed it strikes me now as a proper case for substituted service on their attorneys. I regard the suit as auxiliary to the original proceedings in bankruptcy, and that the court has jurisdiction of the case.

The claim that the complainants in this bill have a complete and adequate remedy at law was touched upon at the argument of this motion, but I prefer to consider it when formally raised upon demurrer to the bill. As at present advised, I am unwilling to say that a suit at law in a court of another state is as complete a remedy as the detention of the fund here. Boyce v. Grundy, 3 Pet. [28 U. S.] 210; Watson v. Sutherland, 5 Wall. [72 U. S.] 74; Bunce v. Gallagher [Case No. 2,133]; U. S. v. Meyers [Id. 15,844]; Hunt v. Danforth [Id. 6,887].

The petition must be denied.

---

SABIN (CHASE v.). See Case No. 2,627.

---

## Case No. 12,196.
### SABIN v. CONNOR.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 12,197.
### SABIN v. CONNOR.[1]

District Court, D. Nevada. March 30, 1871.

MECHANIC'S LIEN—NEVADA ACT—CONSTRUCTION—REPEAL—BANKRUPTCY—RIGHTS OF ASSIGNEE.

[1. It is the performance of the labor, and not the filing of the account and description, which gives the miner a lien under Act Nev. 1867 (St. 1867, p. 48), which provides that "all miners or other persons performing labor * * * shall have a lien upon said lode," and that the provisions of the mechanic's lien law of 1861 (St. 1861, p. 35), "respecting the mode of recording, securing and enforcing mechanics' liens, shall apply" thereto.]

[Cited in Re Hope Min. Co.. Case No. 6,681.]

[2. A mechanic's lien exists from the time the labor is begun, under the Nevada mechanic's lien law of 1861, making the lien thereby given preferred from the time the work is commenced, and providing that every person wishing to avail himself of the benefits of the act shall within 60 days after the completion of the building, etc., file his account, etc.]

[3. An assignee in bankruptcy takes the realty of the bankrupt charged with a mechanic's lien theretofore arising for labor performed, and the same may thereafter be enforced by the filing of the account, etc., as provided by law.]

[4. An act (Nevada Mechanic's Lien Law 1871; Laws 1871, p. 123) re-enacting in substance prior laws (Acts 1861–67) with some modifications, and repealing those laws in direct terms, where it is plain that it was never intended to destroy rights acquired under the old laws, but simply to consolidate and extend them, will be considered as continuing such laws.]

[5. A law in existence at the time labor was performed, giving a right to a lien therefor, and an action to enforce the same, is a part of the contract; and the repeal of the law cannot affect the right to the lien or an action for its enforcement.]

[Cited in Re Hope Min. Co., Case No. 6,681.]

[This was a bill in equity by A. B. Sabin, assignee in bankruptcy of the Hope Mining Company, against Charles Connor.]

HILLYER, District Judge. The bill is filed to have the lien of the defendant, a miner, declared null and void. Defendant demurs to the bill for want of equity. The facts are, briefly, that the defendant worked in the mine of the bankrupt, the Hope Mining Company, from about March 31, 1870, to February 10, 1871. Creditors' petition against the bankrupt was filed February 11, 1871; adjudication, March 2d, and assignment, March 3d. The defendant filed his notice of lien, account, and description of the property sought to be charged with the lien, on the 1st day of March. On the 4th day of March, the legislature passed a mechanic's lien law, and repealed, without any saving of rights acquired before that time, all former laws. The questions raised upon the demurrer are: First. That filing the notice, account, and description are necessary to create the lien, and, this having been done after the commencement of the bankruptcy proceeding, the lien cannot avail. Second. That the act of March 4th, by repealing the law under which this lien (if any) accrued, without any saving clause, has destroyed all remedy for the enforcement thereof.

On the first point the argument for the plaintiff is that the lien is created by filing the account and description required, and not by performing the labor; that the laborer has no lien until the account is filed, and not having done this prior to the commencement of proceedings in bankruptcy, to which the title of the assignee relates, no lien can be charged on the bankrupt's estate after such commencement of proceedings. Section 1 of the act supplementary to the mechanic's lien law of 1861 (St. 1867, p. 48) provides: "All miners or other persons performing labor to the amount of twenty dollars or upwards, * * *

---

[1] [Not previously reported.]